## Weiler *versus* Hottenstein.

1. Where the several deeds in the line of title of two lots, separated by a private alley, all call for the alley as a boundary, evidence is not admissible, in an action by the owner of one lot against the owner of the other for obstructing the alley, on the part of the defendant, to show that a former common owner of both lots, under whom the respective parties claim, made a change upon the ground in the location of the alley which remained notorious and visible, by reason whereof the subsequent grantees took title subject to such change, notwithstanding the calls in their deeds for the alley as originally located.

2. The fact that in the deed for the defendant's lot, dated in 1865, from the then common owner of both lots, the grantee was given the right to occupy the soil of the alley-way so long as it was "not wanted by the owners of the several lots for alley purposes," was no defence to an action, by the present owner of one of said other lots, for obstructing the alley, after due notice that he desired to have it opened for alley purposes.

March 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of January Term 1883, No. 309.

Case, by Jacob J. Hottenstein, Charles L. Hottenstein and William H. Hottenstein, against John F. Weiler, to recover damages for the refusal of the defendant to remove a fence and other obstructions, from a certain strip of ground between the respective lots of plaintiffs and defendant, which strip the plaintiffs claimed the right to use as and for an alley-way, in common with the owners of adjoining lots. Plea, not guilty.

On the trial, before ALBRIGHT, P. J., the following facts appeared:—In 1831 Jesse Grim acquired title to a lot of ground, now owned by the plaintiffs, known as the Eagle Hotel property, situate at the Northwest corner of Hamilton and Seventh Streets, in the city of Allentown, containing in front on Hamilton Street forty-five feet five inches and extending in depth northward one hundred and ten feet to a ten-feet-wide private alley. In 1833 said Jesse Grim acquired title to a lot of ground, now owned by the defendant, situate on the east side of Seventh Street at the distance of one hundred and twenty feet northward from Hamilton Street, containing in front on Seventh Street thirty feet, and extending in depth westwardly of that width one hundred and eight feet, bounded on the south by a ten feet wide private alley. Said Grim erected the Eagle Hotel on the first mentioned lot about the year 1832. Grim remained the owner of both properties until 1865.

On April 4th 1865 said Grim sold both properties to Moses

Schneck et al., each property being separately described in the deed, the Eagle Hotel property being described as bounded on the north by a ten feet wide private alley, and the Seventh Street property being described as bounded on the south by a ten feet wide private alley.

On November 23d 1865, Moses Schneck et al. conveyed to Nathan Weiler the Seventh Street property, described in the deed as follows : " beginning at a point on said Seventh Street thence along the same northward thirty feet to a point, thence by lot of Charles M. Runk westward one hundred and eight feet four inches to a point, thence by other property of the party of the first part southward thirty feet to a nine feet wide private alley, thence partly by said alley and partly by Market (Centre) Square, eastward one hundred and eight feet to the place of beginning," Together, &c. Habendum, &c. Then followed this clause :

" And the said Nathan Weiler, his heirs and assigns, shall have the use and occupation of the strip of ground on the south side of the within described premises, between said lot of ground and the Eagle Hotel, during the time it remains vacant *and not wanted by the owners of the several lots for alley purposes.*"

Said Nathan Weiler erected a fence across said alley, and devised the said lot to his executor with power of sale, who sold the same to the plaintiff, John F. Weiler, who continued to maintain said fence across said alley-way, and built a foot pavement over a part of the soil thereof facing that part of Centre Square which had been made by widening said Hamilton and Seventh streets at their intersection.

Subsequent to the said conveyance from Schneck to Nathan Weiler for said Seventh street lot, the Eagle Hotel property, by sundry conveyances, became vested in the plaintiffs, the Messrs. Hottenstein, the said property being described in the conveyances as extending from Hamilton street northward one hundred and ten feet to a ten feet wide private alley.

It thus appeared that no part of the soil of said alley was included in the deeds for either of said properties, but in all the deeds it is referred to as being an alley.

On May 12th 1882, the plaintiffs notified the defendant to remove the said fence and obstructions, as they desired to have the said alley-way open for alley purposes. On his refusal to comply with said demand this suit was brought.

The defendant, in different forms and different propositions of proof, offered to prove, in substance : That at the time Jesse Grim became the owner of both properties there was a ten-feet wide private alley running in a straight line from Seventh street to Hall street, between said properties ; that after Grim had become the owner of both properties, and while he continued

[Weiler v. Hottenstein.]

to be the owner thereof, he changed the alley at the eastern end on Seventh street, moving it south of the southern line of the alley now in dispute, closed up the old alley-way and occupied and used it for other purposes, and that after 1848, when the Eagle Hotel was rebuilt by him, and extended further north, he left an archway under the same, and that this new and substituted alley had been used since by those having had occasion to use the same.

These offers of proof were objected to by plaintiffs, in substance, for the reason that plaintiffs and defendant both claimed title under Schneck et al., that defendant's predecessor in title had purchased only to the line of the alley, without any rights in the alley except the right to occupy and use it until such time as plaintiffs, being successors in title to Schneck et al. desired to use and occupy the same for alley purposes; that the rights of both parties were fixed by the several deeds of conveyance, and that the question of abandonment could not arise because the defendant was not the owner of the servient title, having no right to the alley-way except such as he acquired under his deed.

The court rejected the offers of proof for the reason stated in the objections. Exception.

The defendant presented, inter alia, the following points :—

2. The provision in the deed from Schneck et al. to Nathan Weiler, in respect to the owners of the several lots, refers to the owners of lots bordering on said alley other than the Eagle Hotel premises then owned by the grantors in that deed, and did not give to the grantors or their successors in title the right to terminate the grant of use of the strip of land referred to at their pleasure.

Answer. Negatived.

6. If the owner of the defendant's premises, by the parol or tacit permission of the plaintiff's predecessors in title, closed the alley along the defendant's premises, by open, visible and notorious obstructions, expended money, and made improvements on the faith of such license or permission, and when the plaintiffs purchased the Eagle Hotel premises the occupancy and obstructions remained open, apparent and visible, the plaintiffs cannot now revoke the license or permission.

Answer. Negatived.

The court charged the jury that under all the evidence the plaintiffs were entitled to recover nominal damages.

Verdict for the plaintiffs for six cents costs and damages, and judgment thereon. The defendant took this writ, assigning for error, inter alia, the exclusion of his offers of evidence and the refusal of the above points.

*M. L. Kauffman* and *R. E. Wright & Son*, for the plaintiff in error.

*Edward Harvey* (*John Rupp and John D. Stiles* with him), for the defendants in error.

The opinion of the court was delivered March 19th 1883.

PER CURIAM.—This action was to test the right of the plaintiff in error to obstruct the alley. It is very clear he had no such right. While the deed conveying the lot to him bounded it on the alley, yet in the habendum his use and occupation of a portion of the ground covered by the alley, is expressly limited to " the time it remains vacant and not wanted by the owners of the several lots for alley purposes." The implied right of the plaintiff in error to use the ground as an open alley in common with others, may be conceded. His assumed right to permanently so occupy it, as to exclude all others therefrom, presents a different question. Such a claim cannot be maintained under all the evidence in this case.

Judgment affirmed.